UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER THE FUTURE<br>611 Pennsylvania Avenue, SE<br>Suite No. 183<br>Washington, DC 20003<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION<br>1401 Constitution Avenue, N.W.<br>Washington, D.C. 20230<br><br>Defendant. | Case No. 1:26-cv-3251 |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff Power the Future ("PTF") brings this action against Defendant National Oceanic and Atmospheric Administration ("NOAA"). PTF alleges as follows:

1. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. PTF seeks relief in the form of an order requiring NOAA to process four FOIA requests and produce all responsive, nonexempt agency records.

2. NOAA received the requests between July 20 and August 13, 2026. It acknowledged each request and assigned each a tracking number. It has not made a determination on any request or produced any responsive records.

3. NOAA's complete failure to make the determinations FOIA requires warrants a court-supervised processing and production schedule.

## PARTIES

4. PTF is a nonprofit organization incorporated in Delaware. It informs the public

about energy and environmental policy and government activity bearing on those issues.

5. NOAA is a bureau of the United States Department of Commerce, an executive department, and is an agency within FOIA's meaning. 5 U.S.C. §§ 551(1), 552(f)(1). NOAA possesses and controls records responsive to PTF's requests.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper because FOIA permits suit in the District of Columbia. § 552(a)(4)(B).

8. PTF has constructively exhausted its administrative remedies, or alternatively is under no obligation to pursue such remedies, because NOAA did not make timely determinations on the FOIA requests at issue. § 552(a)(6)(C)(i); *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 190 (D.C. Cir. 2013) ("*CREW*").

## PLAINTIFF'S FOIA REQUESTS

9. On July 20, 2026, PTF submitted through NOAA's online FOIA portal a request for correspondence of three officials of NOAA's Climate Program Office within the Office of Oceanic and Atmospheric Research: Dan Barrie, Program Manager of the Modeling, Analysis, Predictions, and Projections ("MAPP") Program; David Benson, Program Analyst, MAPP Program; and Annarita Mariotti, Senior Advisor and Scientist. The request sought correspondence sent or received from March 18, 2026, through July 20, 2026, containing at least one term from each of two short lists of specified terms.

10. NOAA acknowledged the July 20 request the same day and assigned it request number DOC-NOAA-2026-001928. The same day, NOAA invoked the unusual-circumstances extension and extended its response deadline to August 31, 2026. §

552(a)(6)(B)(i).

11. On July 24, 2026, PTF submitted a second request for correspondence of Joseph Barsugli, a research scientist working at NOAA's Physical Sciences Laboratory in Boulder, Colorado, sent or received on any NOAA email system or account from March 1, 2026, through July 24, 2026. Responsive correspondence had to contain at least one term from each of two short lists of specified terms.

12. NOAA acknowledged the July 24 request the same day and assigned it request number DOC-NOAA-2026-001949. The same day, NOAA invoked the unusual-circumstances extension and extended its response deadline to September 4, 2026. § 552(a)(6)(B)(i).

13. On August 12, 2026, PTF submitted a third request for records of Mr. Barrie and Dr. Mariotti. The request sought presentations, spreadsheets, calendar entries, meeting invitations, meeting agendas, and meeting minutes dated from November 1, 2014, through December 31, 2015, containing specified search terms. It also sought their correspondence from November 1, 2014, through December 31, 2015, that included at least one non-.gov email address and at least two specified terms; their correspondence from January 20, 2021, through January 30, 2023, containing at least two specified terms; and their correspondence from January 1, 2016, through December 31, 2018, containing at least one specified term and at least one of eight specified email addresses of then-officials of California state government agencies.

14. NOAA acknowledged the August 12 request on that same day and assigned it request number DOC-NOAA-2026-002008.

15. On August 13, 2026, PTF submitted a fourth request for Dr. Barsugli's

correspondence sent or received on any NOAA email system or account. The request sought correspondence from November 1, 2014, through December 31, 2015, that included at least one non-.gov email address and at least two specified terms, and correspondence from January 1, 2016, through December 31, 2018, containing at least one specified term and at least one of eight specified email addresses of then-officials of California state government agencies.

16. NOAA acknowledged the August 13 request on August 14, 2026 and assigned it request number DOC-NOAA-2026-002017.

17. Apart from those acknowledgments and the two extension notices, PTF has received no response to any request. NOAA has not sought clarification, made a determination, or produced responsive records.

18. The requested records concern NOAA's role in advancing the "representative concentration pathway" scenario known as RCP 8.5 (which has since been discredited and abandoned), as a business-as-usual or reference scenario in federal climate policy.

19. PTF seeks the records to inform the public about NOAA's conduct and the basis for federal climate policy.

20. FOIA required NOAA to determine within 20 working days whether it would comply with each request and to state the reasons for its determination. § 552(a)(6)(A)(i).

21. A timely determination requires more than an acknowledgment. The agency must gather and review the records, identify what it will produce and withhold, explain any withholding, and notify the requester of its appeal rights. *CREW*, 711 F.3d at 188.

22. The determinations were due by August 17, August 21, September 10, and September 11, 2026, respectively. § 552(a)(6)(A)(i). NOAA's unusual-circumstances

notices on the first and second requests extended those deadlines by no more than ten working days, to August 31 and September 4, 2026. § 552(a)(6)(B)(i). NOAA invoked no extension on the other two requests.

23. NOAA has not stated whether it will comply with any request. It has not identified the records it will produce or withhold, explained any withholding, or notified PTF of appeal rights. This is a violation of FOIA. *CREW*, 711 F.3d at 188.

24. FOIA authorizes this Court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." § 552(a)(4)(B). The Court may use its equitable powers "to require the agency to process documents according to a court-imposed timeline." *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014). NOAA's failure to make any determination warrants judicial supervision.

**<u>COUNT I</u>**
**VIOLATIONS OF THE FREEDOM OF INFORMATION ACT**

25. PTF incorporates the preceding allegations.

26. PTF submitted four FOIA requests that reasonably described the records sought. NOAA accepted each request through its online portal and assigned each a tracking number.

27. NOAA violated FOIA by failing to make timely determinations and by withholding responsive agency records or failing to produce such records. §§ 552(a)(3)(A), (a)(6)(A)(i).

28. PTF has constructively exhausted its administrative remedies, or alternatively is under no obligation to pursue such remedies. § 552(a)(6)(C)(i); *CREW*, 711 F.3d at 190.

29. PTF is entitled to statutory relief under § 552(a)(4)(B).

**PRAYER FOR RELIEF**

Power the Future respectfully requests that the Court:

A. Retain jurisdiction until NOAA complies with FOIA and the Court's orders;

B. Declare that NOAA violated FOIA by failing to make timely determinations and by withholding responsive agency records;

C. Declare that NOAA must disclose all nonexempt agency records responsive to the four requests;

D. Order NOAA to conduct adequate searches and produce all nonexempt responsive records according to a schedule containing dates certain, with periodic status reports until production is complete;

E. Award PTF reasonable attorney fees and costs under § 552(a)(4)(E); and

F. Grant any other just and proper relief.

Dated: September 16, 2026

POWER THE FUTURE
By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com