UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

POWER THE FUTURE,

Plaintiff,

v.

NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION,

Defendant.

Civil Action No. 26-3251 (TSC)

**ANSWER**

Defendant National Oceanic and Atmospheric Administration (hereinafter, "Defendant" or "NOAA") by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) under the Freedom of Information Act ("FOIA") filed by Plaintiff Power the Future. ("Plaintiff").

Defendant responds to the introductory paragraphs, separately numbered paragraphs, and prayer for relief contained in the Complaint as set forth below. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant responds to the Complaint in like numbered paragraphs as follows:

1. This paragraph consists of Plaintiff's characterization of the action and its requested relief, to which no response is required. To the extent a response is required, Defendant admits that this action arises under the FOIA. The remaining allegations in this paragraph consist of legal

conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of the FOIA.

2. Defendant admits it received four FOIA requests from Plaintiff between July 20 and August 13, 2026, acknowledged each request, and assigned each request a tracking number: Plaintiff's first FOIA Request was received and acknowledged on July 20, 2026, and assigned tracking number DOC-NOAA-2026-001928; Plaintiff's second FOIA Request was received and acknowledged on July 24, 2026, and assigned tracking number DOC-NOAA-2026-001949; Plaintiff's third FOIA Request was received and acknowledged on August 12, 2026, and assigned tracking number DOC-NOAA-2026-002008; and Plaintiff's fourth FOIA Request was received on August 13, 2026 and acknowledged on August 14, 2026, and assigned tracking number DOC-NOAA-2026-002017. Defendant admits that, as of the date the Complaint was filed, it had not issued final determinations on FOIA requests DOC-NOAA-2026-001928, DOC-NOAA-2026-002008, and DOC-NOAA-2026-002017, but avers that it issued a final determination on FOIA Request DOC-NOAA-2026-001949 on August 11, 2026.

3. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of the FOIA.

## PARTIES[1]

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and denies them on that basis.

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

5. Defendant avers that it is a federal agency subject to the FOIA, and avers that it is an operating unit within the U.S. Department of Commerce. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of the FOIA.

**JURISDICTION AND VENUE**

6. This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms, conditions, and limitations of the FOIA.

7. This Paragraph consists of Plaintiff's legal conclusions regarding venue, to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district for actions brought under the FOIA.

8. This Paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of the FOIA.

**PLAINTIFF'S FOIA REQUESTS**

9. Defendant admits that on July 20, 2026, it received a FOIA request from Plaintiff. The remaining allegations in this paragraph consist of Plaintiff's characterization of its July 20, 2026 FOIA Request, Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

10. Defendant admits that it acknowledged receipt of Plaintiff's July 20, 2026 request on July 20, 2026 and assigned it tracking number DOC-NOAA-2026-001928. The remaining allegations in the paragraph consist of Plaintiff's characterization of that communication. Defendant respectfully refers the Court to the July 20, 2026 acknowledgement letter for a complete and

accurate statement of its contents and denies any allegations inconsistent therewith.

11. Defendant admits that on July 24, 2026 it received a FOIA Request from Plaintiff. The remaining allegations in this paragraph consist of Plaintiff's characterization of its July 24, 2026 FOIA Request. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

12. Defendant admits that it acknowledged receipt of Plaintiff's July 24, 2026 request on July 24, 2026 and, assigned it tracking number DOC-NOAA-2026-001949. The remaining allegations in the paragraph consist of Plaintiff's characterization of that communication. Defendant respectfully refers the Court to the July 24, 2026 acknowledgement letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

13. Defendant admits that on August 12, 2026 it received a FOIA Request from Plaintiff. The remaining allegations in this paragraph consist of Plaintiff's characterization of its August 12, 2026 FOIA Request. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

14. Defendant admits that it acknowledged receipt of Plaintiff's August 12, 2026 request on August 12, 2026, and assigned it tracking number DOC-NOAA-2026-002008. The remaining allegations in the paragraph consist of Plaintiff's characterization of that communication. Defendant respectfully refers the Court to the August 12, 2026 acknowledgement letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith

15. Defendant admits that on August 13, 2026, it received a FOIA Request from Plaintiff. The remaining allegations in this paragraph consist of Plaintiff's characterization of its August 13, 2026 FOIA Request. Defendant respectfully refers the Court to that request for a complete

and accurate statement of its contents and denies any allegations inconsistent therewith.

16. Defendant admits that it acknowledged receipt of Plaintiff's August 13, 2026 request on August 14, 2026 and assigned it tracking number DOC-NOAA-2026-002017. The remaining allegations in this paragraph consist of Plaintiff's characterization of that communication. Defendant respectfully refers the Court to the August 14, 2026 acknowledgement letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

17. Defendant admits that, as of the date the Complaint was filed, it had not made a final determination on FOIA Requests DOC-NOAA-2026-001928, DOC-NOAA-2026-002008, or DOC-NOAA-2026-002017. Defendant avers that, on August 11, 2026, it issued a final determination on FOIA Request DOC-NOAA-2026-001949 and sent a letter to Plaintiff stating that it found no responsive records for FOIA Request DOC-NOAA-2026-001949. Additionally, Defendant avers that, on September 24, 2026, it provided a status update to Plaintiff regarding FOIA Request DOC-NOAA-2026-001928.

18. This paragraph consists of Plaintiff's characterization of its FOIA requests. Defendant respectfully refers the Court to Plaintiff's four FOIA requests for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and denies them on that basis.

20. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of FOIA.

21. This paragraph consists of legal conclusions, to which no response is required. To the extent

a response is deemed required, Defendant denies the allegations and denies any violation of FOIA.

22. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of FOIA.

23. Defendant denies the first sentence in this paragraph. Defendant admits that, as of the date the Complaint was filed, it had not issued final determinations on FOIA requests DOC-NOAA-2026-001928, DOC-NOAA-2026-002008, and DOC-NOAA-2026-2017, but avers that it issued a final determination on FOIA Request DOC-NOAA-2026-001949 on August 11, 2026. The last sentence in this paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of FOIA.

24. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of FOIA.

## **COUNT 1**
## **VIOLATIONS OF THE FREEDOM OF INFORMATION ACT**

25. Defendant realleges and incorporates by reference its responses to Paragraphs 1-24 as if set forth fully herein.

26. Defendant admits that Plaintiff submitted four FOIA requests and Defendant assigned each FOIA request a tracking number. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of FOIA.

27. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To

the extent a response is deemed required, Defendant denies the allegations and denies any violation of FOIA.

28. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of FOIA.

29. This paragraph consists of Plaintiff's legal conclusions regarding relief, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## PRAYER FOR RELIEF

The remaining paragraph in the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant throughout the course of litigation.

### FIRST DEFENSE

The Court lacks subject matter jurisdiction to award relief that exceeds the relief authorized by FOIA. *See* 5 U.S.C. § 552.

**SECOND DEFENSE**

Plaintiff is not entitled to injunctive or declaratory relief. 5 U.S.C. § 552(a)(4)(B).

**THIRD DEFENSE**

Plaintiff is not entitled to compel the production of any record or portions thereof protected from disclosure by one or more exemptions or exclusions enumerated in the FOIA, 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**FOURTH DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

Dated: October 19, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: __*Danielle D. Peraza*_
DANIELLE D. PERAZA, D.C. Bar No. 900938597
Assistant United States Attorney
601 D Street N.W.
Washington, D.C. 20530
Danielle.Peraza@usdoj.gov

*Attorneys for the United States of America*