UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER THE FUTURE,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION,<br><br>Defendant. | Civil Action No. 26-3251 (TSC) |

**JOINT STATUS REPORT**

Pursuant to the Court's October 22, 2026, Minute Order, Plaintiff Power the Future and Defendant National Oceanic and Atmospheric Administration ("NOAA"), by and through undersigned counsel, respectfully submit this Joint Status Report in this Freedom of Information Act ("FOIA") action.

1. Plaintiff submitted four FOIA requests to Defendant, which were received between July 20 and August 13, 2026. Plaintiff filed this action on September 16, 2026, and Defendant answered the complaint on October 19, 2026.

A. FOIA Request DOC-NOAA-2026-001928

2. This FOIA request seeks correspondence of three officials of NOAA's Climate Program Office within the Office of Oceanic and Atmospheric Research: Dan Barrie, Program Manager of the Modeling, Analysis, Predictions, and Projections ("MAPP") Program; David Benson, Program Analyst, MAPP Program; and Annarita Mariotti, Senior Advisor and Scientist. The request sought

correspondence sent or received from March 18, 2026, through July 20, 2026, containing at least one term from each of two lists of specified terms. ECF 1 at 2.

3. Defendant reports that it has identified seven responsive documents and anticipates completing processing and producing any responsive, non-exempt records that do not require referral or consultation by January 22, 2027.

B. FOIA Request DOC-NOAA-2026-001949

4. This request seeks correspondence of Joseph Barsugli, a research scientist working at NOAA's Physical Sciences Laboratory in Boulder, Colorado, sent or received on any NOAA email system or account from March 1, 2026, through July 24, 2026. Responsive correspondence had to contain at least one term from each of two lists of specified terms. ECF 1 at 3.

5. Defendant reports it issued a final determination letter on FOIA Request DOC-NOAA-2026-001949 dated August 11, 2026, stating that it found no responsive records.

6. In response to Plaintiff's October 20, 2026, inquiry, Defendant provided Plaintiff with what it asserts is a copy of its final response letter and communication to Plaintiff on October 27, 2026.

7. Plaintiff has conducted a discrete search of its email system has been unable to locate the original transmission for request DOC-NOAA-2026-001949. In emails to counsel for Defendant dated October 29, November 9, and November 23, 2026, Plaintiff requested the original transmittal email, preferably in .eml or .msg format, with the attachment identified. Those requests remain unanswered.

8. Plaintiff has asked Defendant to reconcile the August 11 date alleged in its answer with the August 25 transmission record. Plaintiff also seeks confirmation that the transmission evidence concerns request 001949, given the apparent discrepancy in the agency's correspondence involving request 001935. Plaintiff does not agree that the October 27 materials resolve these questions or establish when the response to request 001949 was transmitted.

9. Defendant forwarded Plaintiff's October 29, inquiry and is conferring with the agency regarding the transmission of the final response to request DOC-NOAA-2026-001949, including the date of transmission and the original transmittal email, and is endeavoring to respond to Plaintiff by December 7, 2026.

C. <u>FOIA Request DOC-NOAA-2026-002008</u>

10. This request seeks Dan Barrie and Annarita Mariotti's presentations, spreadsheets, calendar entries, meeting invitations, meeting agendas, and meeting minutes dated from November 1, 2014, through December 31, 2015, containing specified search terms. It also sought Dan Barrie and Annarita Mariotti's correspondence from November 1, 2014, through December 31, 2015, that included at least one non-.gov email address and at least two specified terms. The request also sought their correspondence from January 20, 2021, through January 30, 2023, containing at least two specified terms. It further sought their correspondence from January 1, 2016, through December 31, 2018, containing at least one specified term and at least one of eight specified email addresses of then-officials of California state government agencies. ECF 1 at 3.

11. Defendant reports that it has identified 12 responsive documents and anticipates completing processing and producing any responsive, non-exempt records that do not require referral or consultation by January 22, 2027.

12. For requests DOC-NOAA-2026-001928 and 002008, Plaintiff has requested confirmation that the searches are complete and the reported document counts cover all responsive records.

13. Defendant will report on the status of its searches for these requests in the following joint status report.

D. <u>FOIA Request DOC-NOAA-2026-002017</u>

14. This request seeks correspondence from November 1, 2014, through December 31, 2015, that included at least one non-.gov email address and at least two specified terms. It also seeks correspondence from January 1, 2016, through December 31, 2018, containing at least one specified term and at least one of eight specified email addresses of then-officials of California state government agencies. ECF 1 at 3–4.

15. Defendant reports it has completed its search and begun reviewing records for responsiveness. Defendant will provide an estimated volume of responsive records and an anticipated production schedule in the next joint status report.

16. For request DOC-NOAA-2026-002017, Plaintiff has requested the number of records remaining for responsiveness review, the anticipated responsive volume, and dates for the first production, any rolling productions, and completion. Defendant has not yet provided those estimates or dates.

17. Defendant does not anticipate seeking a stay under *Open America v. Watergate*

*Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), at this time.

18. Plaintiff anticipates that a *Vaughn* index will be required if Defendant withholds responsive information and the parties cannot resolve the resulting disputes. Defendant believes it is premature to determine whether a Vaughn index will be required until Defendant completes processing and the parties confer about any withholdings Plaintiff intends to challenge.

19. Defendant proposes deferring dispositive-motion briefing until processing is complete.

20. The Parties propose another Joint Status Report by January 22, 2027 and 60 days thereafter. Defendant will respond to Plaintiff's aforementioned inquiries by December 7, 2026, and any remaining dispute can be addressed in the January 22, 2026 report.

21. Plaintiff reserves its challenges to the adequacy of Defendant's searches, the timing and sufficiency of its responses, and any withholdings. Reporting Defendant's assertions and proposed dates does not signify Plaintiff's agreement that any request has been fully resolved. Likewise reporting Plaintiff's assertions and requests does not signify Defendant's agreement with them, and Defendant reserves all defenses.

Dated: November 23, 2026

*/s/ Matthew D. Hardin*
MATTHEW D. HARDIN
Hardin Law Office
101 Rainbow Drive PMB 11506
Livingston, TX 77399
202-802-1948
matthewdhardin@gmail.com

*Attorney for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Danielle D. Peraza*
DANIELLE D. PERAZA, D.C. Bar
No. 900938597
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
(202) 252-1764
Danielle.peraza@usdoj.gov

*Attorneys for the United States of America*